ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 08 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

BEVERLY McCLENDON, And BEVERLY McCLENDON As Next Of Friend of the minor child, JEWEL CIERA WASHINGTON,
Plaintiffs,

Vs.

WARNER BROS. ENTERTAINMENT, INC., TYRA BANKS, BENNY MEDINA, KERRIE MORIARTY, And JOHN REDMANN,
Defendants.

CIVIL ACTION CAP

FILE NO.: 1:10-CV-3254

## COMPLAINT

I. NATURE OF THE CLAIM

II. JURISDICTION

III. VENUE

IV. PARTIES

V. ALLEGATIONS OF THE PLAINTIFFS

Count One – Violation Of The Right Of Privacy

Count Two – Negligence Based On O.C.G.A. § 51-1-6

VI. PRAYER FOR RELIEF

VII. JURY DEMAND

# I.

## NATURE OF CLAIM

Plaintiffs seek to restrain and prevent the Defendants or their agents from using and disseminating the minor, Jewel Ciera Washington's name, portrait, picture, image and voice in any medium whatsoever and further prevent and restrain the Defendants from selling and or transferring the same to any third party directly or indirectly.

## Count One

Plaintiffs seek compensatory and punitive damages, based on the Defendants invasion of their right to privacy. The Defendants intentionally and negligently used Defendant Beverly McClendon's daughter's likeness in the nationally televised show, The Tyra Banks Show, without her consent. The Georgia Supreme Court became the first such court to recognize the right of privacy in Pavesich v. New England Life Ins. Co., 122 Ga. 190, 50 S.E. 68 (1905). See Prosser, Law of Torts, pp. 802-804 (1971), Martin Luther King, Jr., Center For Social Change, Inc., v. American Heritage Products, Inc., 250 Ga. 135, 296 S.E.2d 697 (Ga. 1982).

## Count Two

Plaintiffs contend, in addition to their intentional acts, the Defendants negligently breached the duty of care owed to them. O.C.G.A.§ 51-1-6 authorizes

recovery of damages upon breach of a legal duty. When the law requires a person to perform an act for the benefit of another or refrain from doing an act which may injure another, the injured party may recover for the breach of the legal duty if she suffers damages as a result.

In this state, the regulation of the employment of minors is governed by Title 39, Chapter 2, of the Official Code Of Georgia Annotated. O.C.G.A. § 39-2-18 requires the written consent of the Commissioner of Labor before a minor can be employed as a performer in a television production. The Commissioner, inter alia, investigates and determines that the environment is proper for the minor, that the conditions of employment are not detrimental to the health of the minor and that the minor will not be used for pornographic purposes.

Assuming, arguendo, the minor Plaintiff's employment by the Defendants does not qualify her as a performer, O.C.G.A. §39-2-11 required the Defendants to obtain an employment certificate prior to engagement.

The Defendants failed to obtain either written consent from the Commissioner of Labor or the required employment certificate.

Furthermore, pursuant to O.C.G.A. §39-2-20, a violation by any person, firm, or corporation or agent thereof, of any of the provisions of the chapter regulating the employment of minors is guilty of a misdemeanor.

The requirements of this Chapter are not simply policy statements, but mandates. These laws have been promulgated to protect a precious commodity, our children. Those charged with their health, maintenance and well-being are keenly aware of their exploitation potential. These caretakers are also aware that minors are not always equipped with the maturity and wisdom needed to make life changing decisions nor imbued with the benefit of years of living to protect their present and future.

The Plaintiff minor child was flown out of state without parental knowledge or consent. The child was lodged in a hotel in New York, without parental knowledge or consent. This minor child appeared before millions of television viewers as a "sex addict", without parental knowledge or consent. This child appeared on a nationally televised show, advertising and promoting the appearance of a 15 year-old sex addict. This show was undoubtedly watched by sexual deviants, perverts and pedophiles alike. The Plaintiffs suffered damages as a result of the Defendants' negligence.

## II.

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1), which confers original jurisdiction upon this Court based on diversity of citizenship. This is a suit for personal injury. The parties are citizens of different states. The Plaintiff, Beverly McClendon is a citizen of Georgia and Defendant Warner Bros. Entertainment, Inc., is a Delaware corporation whose principal office is located in New York, New York.

## III.

## VENUE

A substantial part of the events giving rise to this Claim occurred in the Northern District of Georgia, Atlanta Division, therefore venue is proper pursuant to 28 U.S.C. § 1391(a)(2).

## IV.

## PARTIES

The Plaintiff, Beverly McClendon is the biological mother and legal guardian of the minor child, Jewel Ciera Washington.

Defendant Warner Bros. Entertainment, Inc., is a Delaware corporation which owns, the nationally syndicated television program, The Tyra Banks Show.

Defendants Tyra Banks, Benny Medina, Kerrie Moriarty, and John Redmann are the Executive Producers of the Tyra Banks Show.

**V.**

**ALLEGATIONS OF THE PLAINTIFFS**

**COUNT ONE**

**RIGHT OF PRIVACY**

1.

Defendants have intentionally and negligently violated Plaintiff Beverly McClendon's right to privacy by televising her daughter's likeness a minor of 15 years of age, in the nationally televised show, The Tyra Banks Show, without her consent.

2.

In October of 2009, The Tyra Banks Show, via their website, invited members of the public to contact the show if they were "sex addicts". Jewel Ciera Washington, a minor, responded to the solicitation via the web-site, and claimed to be a sexual addict.

3.

The Tyra Banks Show responded by calling the minor's cellular phone and inviting her to appear as a guest on the show.

4.

The Defendants' agents eventually booked the minor Plaintiff an airline ticket for a November 3, 2009 flight to New York, New York, to appear on The Tyra Banks Show.

5.

The Defendants had a limousine retrieve the minor Plaintiff, alone, from her home and transport her to Atlanta-Hartsfield International Airport where there was an e-ticket for her to travel to New York City, unaccompanied.

6.

Once in New York City, the Defendants arranged for the unaccompanied minor Plaintiff to be transported to a hotel room, and sometime thereafter to the television studio.

7.

The subject of The Tyra Banks Show involving the minor Plaintiff was "sex addicts".

8.

The minor Plaintiff appeared on the show, alone and was interviewed

by Tyra Banks as a person declared to be a sex addict.

9.

Paragraphs 2 through 6, involving the minor Plaintiff, were all done without the Plaintiff Beverly McClendon's knowledge and consent.

10.

The Defendants knew or should have known that the minor Plaintiff did not have parental consent to appear on the Tyra Banks Show.

11.

The Plaintiff Beverly McClendon, on realizing her daughter's absence, filed a missing person's report with the local police department.

12.

The Defendants continue to air the show on their web-site and on YouTube.

13.

The sole intent of the Defendants was to exploit the minor Plaintiff to increase ratings. The tag for the show advertised a "fifteen year-old sex addict".

14.

The minor Plaintiff has never been diagnosed as a sex addict.

15.

The sole intent of the Defendants programming was to increase ratings in order to gain advertising revenue.

16.

The Defendants actions were fraudulent, showed a wantonness and evidenced an entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

**COUNT TWO**

**NEGLIGENCE**

17.

O.C.G.A.§ 39-2-18, imposed a duty upon the Defendants to obtain the written consent of the Commissioner of Labor prior to employing the minor Plaintiff to appear on The Tyra Banks Show.

18.

The Defendants and or their agents promised to pay the minor child to appear on the Tyra Banks show.

19.

The Defendants and or their agents paid the minor child after her appearance on the show.

20.

The Defendants failed to obtain the written consent of the Commissioner of Labor prior to employing the minor Plaintiff.

21.

The Defendants breached the duty of care owed to the Plaintiffs by failing to obtain the written consent of the Commissioner of Labor.

22.

O.C.G.A.§ 39-2-11, imposed a duty upon the Defendants to obtain an employment certificate prior to employing the minor Plaintiff to appear on The Tyra Banks Show.

23.

The Defendants failed to obtain an employment certificate prior to employing the minor Plaintiff.

24.

The Defendants breached the duty of care owed to the Plaintiffs by failing to obtain an employment certificate.

25.

The Defendants had a legal duty to obtain parental consent before paying the minor Plaintiff to fly to New York City, New York, lodge alone in a hotel room, appear on The Tyra Banks Show and return to Jonesboro, Georgia, where they dropped her off at a local hotel.

26.

The Defendants did not obtain the consent of the Plaintiff, Beverly McClendon, when they engaged her daughter in the acts outline in the preceding paragraph.

27.

The Defendants breached the duty of care owed to the Plaintiffs by failing to obtain the parental consent of Plaintiff Beverly McClendon.

28.

The Defendants' breach, in failing to get the written consent from the Commissioner of Labor or in failing to get an employment certificate, is the proximate cause of the injury to the Plaintiffs.

29.

The Defendants breach, in failing to get the parental consent of Plaintiff Beverly McClendon is the proximate cause of the injury to the Plaintiffs.

30.

The Defendants actions were fraudulent, showed a wantonness and evidenced an entire want of care which raises a presumption of conscious indifference to the consequences of their actions.

31.

Both Plaintiffs have been harmed and have received injury, inter alia, to their health and well-being, both present and future because of the negligence of the Defendants.

## V1.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:**

**a.** That the Defendants and their agents be Ordered to refrain from disseminating, transferring and or selling, by any medium whatsoever, all images and communication in any and all forms whatsoever, of the minor Plaintiff, Jewel McClendon, to the public and or any third party, directly and or indirectly, **INSTANTER,**

b. Award Plaintiff Beverly McClendon, compensatory damages in the amount of $500,000.00,

c. Award Plaintiff Beverly McClendon as next of friend of the minor child, Jewel Ciera Washington, compensatory damages in the amount of $500,000.00,

d. Award Plaintiff Beverly McClendon, punitive damages in the amount of $1,000,000.00 ,

e. Award Plaintiff Beverly McClendon as next of friend of the minor child, Jewel Ciera Washington, punitive damages in the amount of 1,000,000.00,

f. Award Plaintiffs the cost of this action, including the fees and costs of experts, together with reasonable attorneys' fees; and

g. Grant Plaintiffs such other and further relief as this Court finds necessary and proper.

**VII.**

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues of fact and damages in this action.

This 8th day of October, 2010.

Respectfully submitted,

**WANDA S. JACKSON**
ATTORNEY FOR PLAINTIFFS
GA BAR NO.: 387955

**GEORGE O. LAWSON, JR.**
ATTORNEY FOR PLAINTIFFS
GA BAR NO.: 440200

3800 Camp Creek Parkway
Bldg 1200 Ste 150
Atlanta, GA 30331
(404) 344-4421

3800 Camp Creek Parkway
Bldg 1200 Ste 150
Atlanta, GA 30331
(404) 344-4401