# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEVERLY McCLENDON and ) <br> BEVERLY McCLENDON as Next ) <br> Friend of the minor child, ) <br> JEWEL CIERA WASHINGTON, ) <br>       Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WARNER BROS. ) <br> ENTERTAINMENT INC., ) <br> TYRA BANKS, BENNY ) <br> MEDINA, KERRIE MORIARTY, ) <br> and JOHN REDMANN, ) <br>       Defendants. ) | Civil Action File No. <br> 1:10-cv-03254-CAP |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2, and based on the information reasonably available at this time, Plaintiffs Beverly McClendon and Jewel Ciera Washington and Defendants Warner Bros. Entertainment Inc. (WBE) and Tyra Banks, by and through their respective counsel, hereby file the following Joint Preliminary Report and Discovery Plan.

*1.     Description of the Case:*

(a)     Describe briefly the nature of this action.

Plaintiffs allege claims of invasion of privacy and negligence arising from Plaintiff Jewel Washington's appearance as a guest on The Tyra Banks Show on or about November 2009.

(b)     Summarize, in the space provided below, the facts of this case. *The summary should not be argumentative nor recite evidence.*

Plaintiffs allege that Jewel Washington's appearance on The Tyra Banks Show on or about November 2009 took place without her mother's (Plaintiff Beverly McClendon's) consent. Plaintiffs contend that the subsequent airing of Ms. Washington's likeness thereby amounted to an invasion of privacy. Plaintiffs also contend that Defendants' actions amounted to negligence because they violated alleged duties imposed by O.C.G.A. § 39-2-18 and O.C.G.A. § 39-2-11.

Defendants allege that Jewel Washington's appearance on The Tyra Banks Show occurred pursuant to an Agreement and Release that Defendants understood was signed by Ms. Washington and her mother, Beverly McClendon, as well as a parental consent form that Defendants understood was signed by Ms. McClendon. They allege that Ms. Washington and her mother and/or adult guardian were invited to be guests on the show only after multiple conversations with a person representing herself as Beverly McClendon and receipt of the aforementioned authorization forms.

(c)     The legal issues to be tried are as follows:

1.     Whether Defendants invaded Plaintiffs' privacy;

2.     Whether Defendants breached any duty owed to Plaintiffs and thereby caused any injury to Plaintiffs so as to establish a claim for negligence;

3.     Whether Plaintiffs' claims are barred by Defendants' defenses, including but not limited to, fraud, unclean hands, waiver, consent and/or Plaintiffs' own negligence.

(d)     The cases listed below (include both style and action number) are:

(1)     Pending Related Cases:

Upon information and belief, Defendants understand that there is or was an action in Henry County juvenile court relating to Ms. Washington's travel to appear on The Tyra Banks Show. Defendants are unaware of the case number at this time.

*(2) Previously Adjudicated Related Cases:*

See above.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):**

   ___ (1)     Unusually large number of parties
   ___ (2)     Unusually large number of claims or defenses
   ___ (3)     Factual issues are exceptionally complex
   ___ (4)     Greater than normal volume of evidence
   _X_ (5)     Extended discovery period is needed
   ___ (6)     Problems locating or preserving evidence
   ___ (7)     Pending parallel investigations or action by government
   ___ (8)     Multiple use of experts
   ___ (9)     Need for discovery outside United States boundaries
   ___ (10)   Existence of highly technical issues and proof

**3.  *Counsel:***

*The following individually named attorneys are hereby designated as lead counsel for the parties:*

*Plaintiff:* Georgia O. Lawson, Jr., 3800 Camp Creek Parkway, Bldg 1200, Suite 150, Atlanta, GA 30331

*Defendant:* Thomas M. Clyde, Dow Lohnes PLLC, Six Concourse Parkway, Suite 1800, Atlanta, GA 30328-6117.

**4.  *Jurisdiction:***

*Is there any question regarding this court's jurisdiction?*

   _X_ Yes        ___ No.

*If yes, please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

**5.    *Parties to This Action:***

(a)    *The following persons are necessary parties who have not been joined:*

There are no necessary parties that have not been joined.

(b)    *The following persons are improperly joined as parties:*

There are no persons improperly joined as parties. Plaintiffs have stated that they intend to dismiss individual defendants Benny Medina, Kerrie Moriarty and John Redmann, who have not been served and are not necessary parties to this action. Defendants WBE and Tyra Banks do not object to said dismissal.

(c)    *The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:*

Defendant Warner Bros. Entertainment Inc.

(d)    *The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.*

**6.    *Amendments to the Pleadings:***

*Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.*

(a)    *List separately any amendments to the pleadings which the parties anticipate will be necessary:*

The parties do not anticipate any amendments to the pleadings at this time.

(b)    *Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or*

*should have been filed, will not be accepted for filing, unless otherwise permitted by law.*

**(7)   *Filing Times for Motions***

*All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.*

*All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).*

*(a) Motions to Compel: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.*

*(b) Summary Judgment Motions: Within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.*

*(c) Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.*

*(d) Motions Objecting to Expert Testimony: <u>Daubert</u> motions with regard to expert testimony due no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.*

**8.   *Initial Disclosures:***

*The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.*

The parties agree that initial disclosures are appropriate in this case and shall be served in accordance with Fed.R.Civ.P. 26.

**9.   *Request for Scheduling Conference:***

*Does any party request a scheduling conference with the Court? If so, please state the issue which could be addressed and the position of each party.*

The parties do not request a scheduling conference with the Court at this time.

10. *Discovery Period:*

*The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As state in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.*

*Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.*

*Please state below the subjects on which discovery may be needed:*

The parties anticipate the need for discovery on the following topics:

(1) Plaintiffs' claim of invasion of privacy;

(2) Plaintiffs' claim of negligence; and

(3) Defendants' defenses.

*If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:*

The parties anticipate that six months of discovery will be needed given that certain witnesses reside out-of-state.

11. *Discovery Limitation:*

*What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.*

At this time, the parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court.

**12.**   *Other Orders:*

*What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?*

The parties do not seek any further Court orders under Rules 26(c) or 16(b) and (c) at this time.

**13.**   *Settlement Potential:*

(a)   *Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on* <u>December 14, 2010</u>, *and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.*

*For plaintiff: Lead counsel (signature):*   <u>s/ George O. Lawson, Esq.</u>

*Other participants:*  <u>Wanda S. Jackson, Esq.</u>

*For defendant: Lead counsel (signature):*   <u>s/ Thomas M. Clyde</u>

*Other participants:*   <u>Marcia Bull Stadeker Esq.</u>

(b)   *All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:*

(____) *A possibility of settlement before discovery.*

( **X** ) *A possibility of settlement after discovery.*

(____) *A possibility of settlement, but a conference with the judge is needed.*

(____) *No possibility of settlement.*

(c)   *Counsel (____) do or ( **X** ) do not intend to hold additional settlement conferences among themselves among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20__.*

(d)   *The following specific problems have created a hindrance to settlement of this case.*

The parties disagree on the relative merits of the claims and defenses in the case.

**14.** *Trial by Magistrate Judge:*

*Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.*

*(a) The parties (____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, of 20__.*

*(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.*

s/ George O. Lawson, Esq.           s/ Thomas M. Clyde
Counsel for Plaintiffs              Counsel for Defendants

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The discovery period is extended to six months.

IT IS SO ORDERED, this _____ day of _____, 2011.

_____
Hon. Charles A. Pannell, Jr.
United States District Court Judge

DATED this 10th day of January, 2011.

Respectfully submitted,

| | **FOR: DOW LOHNES PLLC** |
|---|---|
| s/ George O. Lawson, Jr.<br>Georgia O. Lawson, Jr.<br>  Georgia Bar No. 440200<br>  lawson.thornton@ltlawfirm.net<br><br>Wanda S. Jackson<br>  Georgia Bar No. 387955<br>  wandajackson@yahoo.com<br><br>3800 Camp Creek Parkway<br>Bldg 1200, Suite 150<br>Atlanta, GA 30331<br><br>Attorneys for Plaintiffs | s/ Thomas M. Clyde<br>Thomas M. Clyde<br>  Georgia Bar No. 170955<br>  tclyde@dowlohnes.com<br><br>Marcia Bull Stadeker<br>  Georgia Bar No. 673893<br>  mstadeker@dowlohnes.com<br><br>Six Concourse Parkway, Suite 1800<br>Atlanta, Georgia 30328-6117<br>(770) 901-8800 (phone)<br>(770) 901-8874 (fax)<br><br>Attorneys for Defendants<br>Warner Bros. Entertainment Inc.<br>and Tyra Banks |

**Defendants' Statement Explaining Defendants' Jurisdictional Objection**

Plaintiffs assert that the Court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1), over their invasion of privacy and negligence claims based on diversity of citizenship. See Complaint at 2. Plaintiffs, however, have not even alleged the citizenship of the individual defendants so as to make a prima facie showing of subject matter jurisdiction based on diversity. Even assuming that Plaintiffs could establish subject matter jurisdiction based on diversity, Plaintiffs have not alleged and cannot prove that there is a basis for asserting personal jurisdiction over any of the defendants. See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cty., 480 U.S. 102, 109 (1987); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980); see also Exeter Shipping, Ltd. v. Kilakos, 310 F. Supp. 2d 1301, 1311 (N.D. Ga. 2004) ("A plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."); Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (requiring establishment of personal jurisdiction over nonresident defendant based on state's long-arm statute).

**\*Plaintiffs' Response:** Plaintiffs state that they will supplement the pleadings within ten (10) days of filing of this statement to address the jurisdiction issue.