IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEVERLY McCLENDON and ) <br> BEVERLY McCLENDON as Next ) <br> Friend of the minor child, ) <br> JEWEL CIERA WASHINGTON, ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> WARNER BROS. ) <br> ENTERTAINMENT, INC., TYRA ) <br> BANKS, et al., ) <br>     Defendants. ) | Civil Action File No. <br> 1:10-cv-03254-CAP |

## REPLY IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANTS WARNER BROS. ENTERTAINMENT, INC.
## AND TYRA BANKS

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Warner Bros. Entertainment, Inc. and Tyra Banks respectfully submit this reply in support of their motion for summary judgment on all claims stated in Plaintiffs' Complaint.

## INTRODUCTION

In their untimely response, Plaintiffs admit that they are pursuing this lawsuit on the theory that Defendants should have to pay Plaintiff Jewel Washington and her mother because Ms. Washington and an adult co-

conspirator successfully perpetrated a fraud on Defendants in order to appear as a guest on the Tyra Banks Show ("the Show").[1]

Plaintiffs' theory is fatally flawed. Georgia law does not recognize any legal duty in tort or otherwise that allows a wrongdoer (or her mother) to seek recovery on the grounds that defendants allegedly should have "caught" the wrongdoer's misconduct and stopped it.

Rather than cite legal support for their claims, Plaintiffs instead rely on a histrionic attack on what they claim is "trash television." However, federal law and Georgia law has always been clear that civil lawsuits are not a forum to address matters of taste in media consumption. See, e.g., Savannah News-Press v. Hartridge, 110 Ga. App. 203, 214 (1964) ("Whether [a publication] be regarded as in good taste or in poor taste is irrelevant in determining whether it was actionable.").

A straightforward application of existing Georgia law to the undisputed facts of this case demonstrates that both Plaintiff Washington's

---

[1] Pursuant to an extension, Plaintiffs' response to Defendants' motion for summary judgment was due on December 31, 2011. See Consent Order [Doc 35]. Plaintiffs filed their response on January 4, 2012. [Doc. No. 36]. Plaintiffs thereafter filed a notice of technical difficulties incorrectly stating that their response was due on January 3, 2012, and explaining that their filings were delayed to January 4 because the Court's server was down on the evening of January 3. [Doc. No. 39]. By January 3, 2012, however, Plaintiffs' brief and response to statement of material facts was *already* overdue.

claims and Plaintiff McClendon's claims are precluded.  The entry of summary judgment is warranted.

## ARGUMENT AND CITATION OF AUTHORITY

**I.** **Plaintiffs Have Not Come Forward with Any Evidence or Law to Rebut Defendants' Showing that Ms. Washington's Conduct Precludes Her Claims.**

As Defendants demonstrated in their motion for summary judgment, Georgia has long recognized several distinct standards of care that apply to juveniles who claim injury as a result of conduct in which they themselves have played a part.  Specifically, pursuant to the "tender years" doctrine enacted at O.C.G.A. § 51-1-5, Georgia has recognized that:

- Children under the age 7 are subject to a presumption that they are not responsible for their actions.

- Children between the ages of 7 and 14 are not subject any presumption for or against their capacity to be responsible for their actions.

- Children older than 14 years of age are presumed to have the capacity to be responsible for their actions and make informed decisions about their own safety.

Hembree v. Spivey, 281 Ga. App. 693, 694 (2006).

With respect to minors in the last category, Georgia appellate courts have emphasized that "Georgia long ago established 14 years as the age of

3

responsibility for purposes of negligence." Id. at 694.  See also Sayed v. Azizullah, 238 Ga. App. 642, 644 (1999) (At fourteen, a plaintiff "is presumed capable of realizing danger and of exercising the necessary forethought and caution to avoid it."); McKinnon v. Streetman, 192 Ga. App. 647, 649 (1989) ("A boy fourteen years of age is presumptively chargeable with same standard of diligence for his own safety as an adult.").

  Rather than acknowledge this well-established law, Plaintiffs make the unsupportable claim that "14 is not the age that Georgia law has determined when all minors acquire the capacity to consent to a tort." See Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (hereinafter "Opp. Brf.") at 6.  Plaintiffs instead allege that "case law and statute has [sic] determined that a child over 14 is deemed to have the mental capacity of an adult . . . when it comes to driving a car with defective equipment or making a will . . .  but there is no hard and fast rule as to the age at which a person attains the capacity to consent to bodily invasions." Id. at 7.  Based on this incorrect statement of the law allegedly derived from McNamee v. AJW, 238 Ga. App. 534 (1999), Plaintiffs announce that "there has been no determination in Georgia nor any other jurisdiction as to when a minor acquires capacity to consent to relieving a talk show host and a production company of their duty to obtain parental consent before exploiting her likeness on national television." Id. at 7.

4

Plaintiffs are misstating the holding of McNamee. The Georgia Court of Appeals in McNamee emphasized that a minor's alleged consent *is* relevant for purposes of any civil claim, including one involving sexual battery. In fact, the McNamee court expressly noted that Georgia law credits "consent by a minor capable of consenting." 238 Ga. App. at 538. Because the very existence of consent in McNamee was disputed, the court left it for a jury to consider "the credibility of the witnesses" in the case. But, McNamee did nothing to disturb Georgia's recognition that juveniles older than 14 are presumed capable of making informed consent.

In contrast to McNamee, there is no dispute here that Ms. Washington – a 15-year-old at the time – in fact consented to her appearance on the Tyra Banks Show. By her execution of written consent forms and her voluntary participation in taping the Show, it is indisputable that Ms. Washington personally consented to the "use" of her "likeness." Her conduct excludes her from recovery as a matter of law on several independent grounds that she cannot rebut.

### A.   Ms. Washington Has Offered No Evidence to Rebut the Validity of Her Consent.

Given her age, Ms. Washington's undisputed consent precludes her from pursuing any claim against Defendants premised on her appearance on the Show. Because she is presumed by Georgia law to be capable of

"realizing danger and of exercising the necessary forethought and caution to avoid it," see Sayed, 238 Ga. App. at 644, it was incumbent on her to come forward in response to Defendants' motion with a showing rebutting the presumption.  See, e.g., Hembree, 281 Ga. App. at 694 ("A young person over that age [14] must offer proof to rebut the presumption that she is chargeable with the same degree of care as an adult.  No such evidence has been offered here."); Sheetz v. Welch, 89 Ga. App. 749, 753-54 (1954) (16-year-old failed to offer proof that he was not of normal intelligence for his age).

Ms. Washington has made no such showing.  She has introduced no medical or psychological testimony to support a finding that she lacks the judgment of a normal 15-year-old.  Her own testimony (not to mention her own conduct) demonstrates that she is an intelligent, albeit deceptive, young woman.  See, e.g., Washington Dep. at 93 (testifying that she has "all As and two Bs" in high school).  Pursuant to O.C.G.A. § 51-11-2, Ms. Washington's consent precludes her claims.

Plaintiffs attempt to avoid the consequences of Ms. Washington's consent by mischaracterizing Defendants' argument as one asserting a defense under Georgia's "acceptance of the risk" doctrine.  Defendants submit that, if it were necessary, the "acceptance of the risk" doctrine would preclude Plaintiff Washington's claims, but it is not necessary for the Court

to reach this doctrine. "Acceptance of the risk" is a Georgia legal principal applied in circumstances where the record evidence establishing a Plaintiff's "consent" is *not* undisputed, but instead must be inferred from the circumstances of the incident at issue. Where consent must be inferred, a court understandably examines various factors to determine whether a plaintiff (whether a juvenile or not) should be precluded from asserting a claim because the factual record establishes – even in the absence of a written consent form – that the plaintiff nonetheless accepted the risk of the consequences of his or her actions.[2]

Here, there is no need to even reach the factors involved in the "acceptance of the risk" doctrine because the record is undisputed that Ms. Washington willingly executed releases waiving her legal rights to the use of her image. Where there is no dispute about consent, Georgia courts have granted summary judgment, even against juveniles under the most tragic

---

[2] In the absence of express consent, Georgia courts understandably have emphasized that before reaching the conclusion that a plaintiff "assumed the risk" of his or her actions, there must be evidence that the plaintiff had knowledge of the potential risk to which he or she was consenting. See, e.g., Kane v. Landscape Structures, Inc., 309 Ga. App. 14, 17 (2011) (finding 9-year-old boy understood risk of falling from playground equipment). Here, that standard would clearly be met because Ms. Washington is complaining about an alleged injury from the use of her image in connection with words that she herself stated in an interview. Ms. Washington could have responded to the questions posed to her on the Show in any way that she wanted. She was not only aware of the alleged risk of appearing on the show, she was herself causing that risk by the responses that she gave.

circumstances.  See, e.g., Muldovan v. McEachern, 271 Ga. 805 (1999) (granting summary judgment finding that O.C.G.A. § 51-11-2 precludes claim by inebriated 17-year-old minor who was killed when he consented to another inebriated minor pulling the trigger of a hand gun).

### B. Ms. Washington's Failure to Exercise Ordinary Care Also Precludes Her Claims.

Even if Ms. Washington had not expressly consented to her appearance, Ms. Washington's claims are also precluded by the doctrine of "avoidable consequences."

Georgia states that "[i]f the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." O.C.G.A. § 51-11-7.  Georgia courts have consistently interpreted this statute as enacting a doctrine that precludes claims where a plaintiff has taken no reasonable measures to avoid the consequences of a defendant's alleged negligence.  Under this doctrine, the plaintiff's negligence in failing to avoid the consequences of the defendant's actions "is deemed the sole proximate cause of the injuries sustained and, therefore, is a complete bar to recovery." Weston v. Dun Transportation, 304 Ga. App. 84, 88 (2010).

Here, it is not only undisputed that Ms. Washington failed to exercise ordinary care for her own safety, but it is also undisputed that she

8

intentionally circumvented the parental consent requirements that allegedly would have prevented her appearance on the Show. Her actions were more than negligent; they were calculated to put her at risk for exactly the alleged injury set forth in her Complaint.

In their response, Plaintiffs offer *no argument whatsoever* on the doctrine of "avoidable consequences." This is fatal because the doctrine clearly precludes claims such as this as a matter of law. See, e.g., Spivey v. Sellers, 185 Ga. App. 241 (1987) (entering summary judgment against 15-year-old minor injured in auto accident after a 21-year-old defendant allegedly "got her drunk" and allowed her to drive his father's automobile, noting that it was plaintiff who "had the last opportunity to avoid the effect of the alcohol").

### C. Ms. Washington's Claims Are Also Precluded by the Doctrine of Proximate Cause.

In addition to O.C.G.A. §§ 5-11-2 and 5-11-7, Ms. Washington's claims are also barred by the doctrine of proximate cause. The record, including the affidavits submitted with Plaintiffs' response, demonstrates that Ms. Washington sought out an invitation to appear on Defendants' talk show and that she herself then described her sexual activity in her own words for broadcast to a television audience.

Under well-established Georgia law, Ms. Washington's actions, not Defendants', are the cause of the alleged injury set forth in the Complaint because Plaintiff's conduct "preponderate[d] in producing the injurious effect" and Defendants' actions were "remote and contingent" to the direct cause of the injury. Meadows v. Diverse Power, Inc., 296 Ga. App. 671, 673 (2009). This principle has been repeatedly applied as a matter of law, including where minors have by their own actions put themselves in harm's way. See, e.g., Bacon v. Mayor & Alderman of City of Savannah, 241 Ga. App. 211 (1999) (summary judgment affirmed against 6-year-old child who brought claim against city after running into street); Wright v. Ashe, 220 Ga. App. 91 (1996) (reckless driving by the minor's friend, not negligent supervision by school, was proximate cause of the accident).

Plaintiffs' only response to this argument is to claim that proximate cause is generally a jury question involving, in Plaintiffs' words, "mixed considerations of logic, common sense, justice, policy and precedent." Response at 11. What Plaintiffs have failed to identify is *any authority* – "mixed" or otherwise – that suggests that our system provides a plaintiff with the opportunity to present her case to a jury when she has admittedly created the harm she is complaining about by means of a scheme involving an adult co-conspirator, forgery, and repeated misrepresentations. As a matter of law, Ms. Washington is the proximate cause of her own injury.

10

## II. Like her Daughter's Claims, Ms. McClendon's Claims Are Also Precluded Based on the Undisputed Factual Record.

In addition to asserting claims in the capacity of "next friend" to Ms. Washington, Ms. McClendon also asserts claims on her own behalf for invasion of privacy and negligence. Ms. McClendon's personal claims similarly fail as a matter of law.

### A. Georgia Law Recognizes No "Relational" Right of Privacy on Behalf of Parents.

Ms. McClendon does not dispute that neither her image nor her name were used in the Show. Rather, Ms. McClendon is claiming that Defendants violated *her* right to privacy "by televising *her daughter's likeness*." Complaint, ¶ 1.

There is no such "relational" right to privacy in Georgia or elsewhere.

In Georgia, as in all other states, the right of privacy is recognized as a personal one. Under Georgia law, "one who makes an unsanctioned appropriation of another's name or likeness for his own benefit may be liable *to that person* in tort." Alonso v. Parfet, 253 Ga. 749 (1985) (emphasis added). See also Martin Luther King, Jr. Center for Social Change v. American Heritage Products, 250 Ga. 135, 142 (1982) (requiring "the appropriation, for the defendant's benefit, use or advantage, of *the plaintiff's name or likeness*") (emphasis added).

11

As Defendants pointed out in their motion for summary judgment, no Georgia appellate court has ever been asked to rule on this issue, but numerous other courts have rejected such claims.  See, e.g., Medical Laboratory Management Consultants v. ABC, 931 F. Supp. 1487, 1493 (1996) (dismissing privacy claim brought by wife because only husband was shown in the challenged broadcast); Young v. That Was The Week That Was, 312 F. Supp. 1337, 1341 (N.D. Ohio 1969) ("the right of privacy . . . can only be asserted by the individual whose privacy has been invaded."); Restatement (Second) of Torts, § 652I, Comment a ("invasion of privacy is a personal right, peculiar to the individual whose privacy is invaded.").

Plaintiffs attempt to sidestep this law by asserting that it is not "entirely true" that Georgia has recognized no relational right to privacy. Opp. Brf. at p. 12.  Plaintiffs point to Bazemore v. Savannah Hospital, 171 Ga. 257 (1930) and other authority indicating that *after a child is deceased*, parents retain legal rights to prevent certain misuse of their child's image. Defendants, of course, alerted the Court to this very line of authority in their motion.  See Defds' Mem. in Supp. at p. 20, n.5 (noting that an individual's "right of publicity" in their image and name is inherited after death).

Of course, what renders this authority irrelevant here is that Ms. Washington is not deceased.  Indeed, Ms. Washington is alive and bringing her own invasion of privacy action (through her "next friend") side-by-side

with her mother.  There is simply no authority anywhere suggesting that a living individual *and* their family relations can both bring privacy actions based on disclosure of the image of the living individual.  Plaintiffs grasp at straws by noting that two concurring justices in Bazemore, a case that is now 80 years old, noted without opinion that they thought the parents in that case could have brought suit to restrict distribution of images of their deceased and deformed infant even if the child had not died.  Obviously, the undeveloped musings of two justices in the distant legal past is not legal authority, but, more importantly, even those justices did not suggest that the child *and* the parents could both simultaneously seek recovery.

What modern Georgia authority demonstrates is that Georgia law is extremely hostile to parental "bystander" liability.  Indeed, Georgia law only allows a parent to recover emotional distress damages arising from being "bystander" to their child's injury if the parent is physically injured in an accident in which the parent literally observes their child die a violent death.  See generally Lee v. State Farm Mut. Ins. Co., 272 Ga. 583, 588 (2000) (recounting the history of Georgia's "impact rule" and holding that "emotional distress from witnessing a child's suffering and death" is only permitted if child dies from same impact as injured parent).

There is simply no legal support for Ms. McClendon's novel "relational" privacy claim.

### B. Ms. McClendon's Negligence Claim Must Be Dismissed Because She Has Identified No Duty Owed to Her.

Ms. McClendon's negligence claim also fails to state a viable claim under the undisputed facts of this case. In order to state a claim for negligence, Ms. McClendon must allege facts establishing a legal duty that Defendants owed to her individually (as opposed to her child). Rasnick v. Krishna Hospitality, 289 Ga. 565, 566 (2011).

However, Ms. McClendon has failed to find any legal support for her claim that third parties are required to make sure teenagers are acting with the consent and approval of their parents. To the contrary, the law is well established that unless a defendant has affirmatively undertaken an obligation to supervise a child, there is no duty of supervision of any kind. See, e.g., Rice v. Six Flags Over Georgia, 257 Ga. App. 864, 866 (2002) (granting summary judgment to Six Flags Over Georgia based on allegations that the 14-year-old child was sexually molested on ride, finding that child was not of "tender years" and there was no evidence "that the supervision of the child was affirmatively undertaken.").

In her Complaint, Ms. McClendon attempts to establish a duty where none exists by offering an untenable interpretation of the Georgia statutes that relate to the "employment" of minors. See Complaint, ¶ 17 (citing O.C.G.A. § 39-2-18); id. at ¶ 22 (citing O.C.G.A. § 39-2-11). However, as

14

Defendants demonstrated in their initial motion, these statutes are inapplicable on their face for several reasons, including because Ms. Washington was not "employed" by Defendants, much less "employed" in the state of Georgia. See Defds' Mem. in Supp. at 23.

In her response brief, Ms. McClendon now casts around for new supporting authority by citing an array of irrelevant statutes, but none comes close to establishing a "duty" on the part of Defendants. See Opp. Brf. at 13-14. In a final gesture, Ms. McClendon argues that the phrase in O.C.G.A. § 51-11-2 stating that consent by a minor "may not affect the rights of any *other* person having a right of action" was intended to protect her. Id. (Plaintiffs' emphasis). Ms. McClendon alleges that she is the "'other' person contemplated." Opp. Brf. at 14. However, this overstates the plain language of the statute. The statute precludes the consent of a minor from being used to limit the rights of any other person "*having a right of action*." On its face, O.C.G.A. § 51-11-2 does not create a right of action; it simply permits one to proceed in the face of a minor's consent if such a claim otherwise exists. What Ms. McClendon has failed to do is identify any viable "right of action" that otherwise exists under Georgia law.

## **CONCLUSION**

For all of the foregoing reasons, Defendants Warner Bros. Entertainment, Inc. and Tyra Banks respectfully request that summary judgment be entered in their favor on all claims stated in the Complaint.

Dated this 23d day of January, 2012.

Respectfully submitted,

**FOR: DOW LOHNES PLLC**

/s/ Thomas M. Clyde
Thomas M. Clyde
 Georgia Bar No.
 tclyde@dowlohnes.com
Marcia Bull Stadeker
 Georgia Bar No. 673893
 mstadeker@dowlohnes.com

Six Concourse Parkway
Atlanta, Georgia 30328-6117
(770) 901-8800 (phone)
(770) 901-8874 (fax)

Attorneys for Defendants
Warner Bros. Entertainment,
Inc. and Tyra Banks

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2011, I electronically filed DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Wanda S. Jackson
3800 Camp Creek Parkway
Bldg 1200, Suite 150
Atlanta, GA 30331

Georgia O. Lawson, Jr.
3800 Camp Creek Parkway
Bldg 1200, Suite 150
Atlanta, GA 30331

<u>s/ Thomas M. Clyde</u>
Thomas M. Clyde
Georgia Bar No. 170955
Dow Lohnes PLLC
Six Concourse Parkway
Atlanta, Georgia 30328-6117
(770) 901-8800 (phone)
(770) 901-8874 (fax)
tclyde@dowlohnes.com